IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NATHAN W. HEADLEY**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil No. **06-4002-GPM** |
| | ) |
| **JERRY JOE MCVAIGH, et al.**, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is the defendants' motion to quash the depositions of Drs. Stephen E. Reid and Gary R. Street, set for tomorrow, Friday, April 13, 2007. **(Doc. 55).** At the Court's request, plaintiff has filed an expedited response **(Doc. 58)**, and defendant elected to file a reply **(Doc. 59)**.

The Court explained by separate order **(Doc. 57)** that the motion to quash the depositions would be handled on an expedited basis, but the full 10 day response period would be allowed with respect to the two tangentially related motions filed by the defendants: (1) Motion to Strike Plaintiff's Rule 26(a)(1) Disclosures **(Doc. 52)**; and (2) Motion to Strike Plaintiff's Rule 26(a)(2) Disclosure and to Bar Plaintiff's Expert **(Doc. 54)**. Nevertheless, plaintiff addressed all three motions in its response, and defendant similarly addressed the motions to strike in its reply. Therefore, the Court will address all three motions simultaneously.

All three motions hinge on the fact that the discovery cutoff was April 8, 2007, and Chief Judge Murphy has already declined to extend that deadline. Plaintiff argues that it would be

unfair to cutoff discovery when the presumptive trial setting is months away, but that ignores the fact that the dispositive motion deadline is April 23, 2007, and none of the parties have moved for an extension of that deadline.  Defendant is likely proceeding under the notion that discovery is closed.   If additional discovery is permitted, defendants may argue that the dispositive motion deadline should be extended, but that is a decision for Chief Judge Murphy.  With all that said, the Court and justice prefer that cases be decided based on the underlying facts, not gamesmanship.  The Federal Rules of Civil Procedure, Local Rules and scheduling orders are not to be taken lightly, but they also will not be strictly enforced without regard to the realities of pretrial preparation; prejudice being the key consideration.

Why plaintiff's Rule 26(a)(1) disclosures were late was addressed in a prior order and will not be rehashed here.  Plaintiff's belated Rule 26(a)(1) disclosures are sloppy and do not meet all of the requirements of the rule.  Directing defendants to review other disclosures and divine for themselves the information that should have been turned over is insufficient.  Therefore, defendants' motion to strike plaintiff's Rule 26(a)(1) disclosures **(Doc. 52)** is granted in part and denied in part, in that plaintiff must redo his Rule 26(a)(1) disclosures in such a manner as to be in full technical compliance with the rule.

Regardless of the formal deficiencies of plaintiff's Rule 26(a)(1) disclosures, it is clear that defendants were well aware of Drs. Reid *and* Dr. Street through medical records and other correspondence.  Although Dr. Street was not disclosed by name in the Rule 26(a)(1) disclosures, the reference to Street Chiropractic Associates and the medical record that reflects that Gary R. Street, D.C., was the treatment provider, indicate to the Court that defendant was sufficiently aware of Dr. Street's treatment relationship with plaintiff to minimize any prejudice

by allowing Dr. Street to be deposed out of time.  Arguments that defendants were unaware of the subject matter of Drs. Reid and Street's potential testimony, or their contact information, are unreasonable and not well taken.  Therefore, defendants' motion to quash the depositions of Drs. Reid and Street **(Doc. 55)** is denied and their depositions shall occur on Friday, April 13, 2007, as scheduled.

As defendant points out, Rule 26(a) is designed to accelerate the exchange of basic information, and identify potential witnesses so that the parties may plan what additional discovery must be conducted; as such the rule should be applied in a manner to achieve that objective.  As explained above, plaintiff's Rule 26(a)(1) disclosures leave much to be desired, particularly since the disclosures were only produced after defendant filed a motion to compel those disclosures.  **(Docs. 42 and 48).**  Although the Court has opted to allow discovery to proceed, in accordance with Federal Rule of Civil Procedure 37, plaintiff shall show cause in writing why he should not have to reimburse defendants for the costs and attorney's fees associated with defendants' original motion to compel **(Doc. 42)** and the subject motion to strike **(Doc. 52)**.

With respect to plaintiff's Rule 26(a)(2) disclosures, defendants argue that plaintiff's expert disclosures were a full month late and therefore should be stricken.  Plaintiff counters that his delay was a direct result of the defendants' failure to answer discovery.  Plaintiff has just filed an "Amended Motion to Compel" related to his interrogatories and request to produce served in January 2007, which were not answered until March 19, 2007.  **(Doc. 60).**  The motion is actually plaintiff's second motion, in that the first motion to compel was denied because plaintiff had failed to comply with the Local Rules by not including copies of the disputed

3

discovery requests with his motion.  **(Docs. 50 and 51).**  Defendants indicate that they did not immediately respond because plaintiff had not made his Rule 26(a)(1) disclosures, which are required before a party may seek discovery.  **(Doc. 59).**  Defendants are correct, in that they were not required to respond to plaintiff's discovery requests until plaintiff made his Rule 26(a)(1) disclosures, which he has yet to properly accomplish.  **(Doc. 15, p. 2).**  Having failed to satisfy Rule 26(a)(1), even after being given another opportunity by the Court, plaintiff is not in a position to take issue with the timeliness of defendant's responses.  Furthermore, the Court continues to strive to complete the discovery process so that this case can be decided on the merits.  Therefore, plaintiff's untimely Rule 26(a)(2) disclosure will not be stricken– defendant's motion **(Doc. 54)** is denied.

Discovery will be allowed to continue through May 15, 2007, but only to permit the pending discovery issues to be resolved and the outstanding depositions to occur.  Obviously, plaintiff's motion to compel **(Doc. 60)** will have to be decided on an expedited basis; therefore, defendant shall file any response on or before 10:00 a.m. on April 23, 2007.

    **IT IS THEREFORE ORDERED** that, for the aforestated reasons:

    1.  Defendants' motion to quash the depositions of Drs. Stephen E. Reid and Gary R. Street, set for Friday, April 13, 2007 **(Doc. 55) is DENIED**;

    2.  Defendants' motion to strike plaintiff's Rule 26(a)(1) disclosures **(Doc. 52)** is **GRANTED IN PART AND DENIED IN PART**, in that on or before **April 23, 2007**, plaintiff must redo his Rule 26(a)(1) disclosures so as to be in full technical compliance with the rule;

    3.  On or before **April 20, 2007**, plaintiff shall show cause in writing why he should not have to reimburse defendants for the costs and attorney's fees associated with defendants' original motion to compel **(Doc. 42)** and subsequent motion to strike **(Doc. 52)**;

    4.  Defendants' motion to strike plaintiff's Rule 26(a)(2) disclosure and to

bar plaintiff's expert **(Doc. 54)** is **DENIED**;

  5.  Discovery will be permitted through **May 15, 2007**, but only to permit the pending discovery issues to be resolved and the outstanding depositions to occur; and

  6.  On or before **10:00 a.m. on April 23, 2007**, defendants shall file any response to plaintiff's motion to compel **(Doc. 60)**; plaintiff shall have until **10:00 a.m. on April 24, 2007**, to file any reply.

**IT IS SO ORDERED.**

**DATED: April 12, 2007**

                <u>s/ Clifford J. Proud</u>
                **CLIFFORD J. PROUD**
                **U. S. MAGISTRATE JUDGE**